## SELLES et al. v. PAGAN et al.

(Circuit Court of Appeals, First Circuit. October 7, 1925.)

### No. 1573.

1. **Executors and administrators ⬤135—Executor's conveyance to firm named in will, during minority of heirs and in extrajudicial proceeding, of realty which will made it discretionary with heirs to convey to firm, held a nullity.**

Under a will which mentioned an indebtedness of testator to a firm, and that it had been agreed that title to land was to be conveyed to the firm in satisfaction of the debt, and that testator mentioned it that his heirs would have knowledge of the agreement and compel specific performance, if agreement was not carried out before his death if they should so desire, executor's conveyance of property to firm during minority of heirs and in extrajudicial proceeding, was a nullity.

2. **Adverse possession ⬤110(4)—Prescription held not available as defense, where it was not raised by answer or demurrer.**

Prescription held not available as defense, where it was not raised by answer or demurrer.

Appeal from the Supreme Court of Porto Rico.

Action by Juan Pagan and another against Hermanos Selles y Sobrino and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Frank Antonsanti and Antonsanti & La Costa, all of San Juan, Porto Rico (Jacobs & Jacobs, of Boston, Mass., on the brief), for appellants.

Jose Tous Soto, of Ponce, Porto Rico (Manuel Tous Soto, of San Juan, Porto Rico, on the brief), for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is an appeal from the judgment of the Supreme Court of Porto Rico. The facts as stated in the case are as follows:

Francisco Jose Santa Ana died on February 7, 1888. In his last will and testament he named as his sole and universal heirs his adopted children, Juan, Eugenio, Jose, and Mercedes Pagan. He was the owner at his death of certain real estate described in the complaint which was incumbered by a mortgage given by him to a firm trading under the name of "Sobrinos de Poigmolar." In the sixth clause of his will he stated that he had agreed with said firm to transfer the title of said property to them; that they, in turn, had agreed to accept its transfer in full payment of the debt owed to them by him, amounting at the time to $5,705; that the said firm had, up to the time of his death, neglected to carry out this agreement; and that he therefore made this statement in his will so that his heirs should have knowledge of the existence of the agreement in the event he should die before it was completed, and compel specific performance thereof if they should so desire.

He named as his testamentary executors Guillerma Pagan in the first place, and certain other parties in the event she did not or could not accept the trust.

Guillerma Pagan accepted the trust and conveyed the real estate described to the firm of Sobrinos de Puigmoler, the four adopted children of the testator being at that time minors, and did not obtain from a judge of first instance authority to transfer their interests in it.

The plaintiffs are two of the adopted children of the testator. The defendants are Hermanos Selles y Sobrino, the successors in title of Sobrinos de Puigmoler, and the other two adopted children.

The questions raised are:

(1) Whether, under the sixth clause of the will of the testator, his executor could convey said real estate to the firm of Sobrinos de Puigmoler, without being authorized to do so by a court of competent jurisdiction.

(2) Whether the defendant had gained title to this real estate by prescription.

The judge of the insular district court held that this case was ruled by that of Longpre v. Diaz, 237 U. S. 512, 35 S. Ct. 731, 59 L. Ed. 1080, and that, as there was not, by demurrer or in the answer an express averment of prescription, this was equivalent to a renunciation of such defense. He rendered judgment in favor of the complainants and in benefit of the succession of Francisco Jose Santa Ana and ordered the firm of Hermanos Selles y Sobrino "to restore the said succession to the possession and enjoyment of the real estate which is claimed; to render account to said succession of the profits which the aforesaid real estate may have produced since the 23d of February 1917, the date of the notification of the initial complaint in this suit."

[1] Upon appeal the Supreme Court of Porto Rico affirmed the judgment of the District Court. It held that, by the sixth clause of his will, the testator left it within the discretion of his heirs to do as they pleased about the conveyance of the real estate described therein, and that, the case is ruled by Longpre v. Diaz, supra, which is the conclusion we have reached.

[2] Upon the question of prescription it said:

"As for the defense of acquisitive prescription it was not raised by the answer and the nullity in this case we incline to believe is of the kind that would not permit the rise of a just title."

Both the District Court and the Supreme Court of Porto Rico are in full accord upon this question, which must be settled by the law of Porto Rico, and we are convinced that their decision is right.

The judgment of the Supreme Court of Porto Rico is affirmed, with costs to the appellees in this court.